**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ABRAHAM MARMOL BERNABE,<br><br>             Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>             Respondent. | No. 12-71997<br><br>Agency No. A029-217-336<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2015[**]
Pasadena, California

Before: D.W. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

Jose Marmol Bernabe, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' decision affirming the Immigration

Judge's denial of his application for asylum, withholding of removal, relief under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture, and cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the persecutor bar applies, rendering Bernabe ineligible for relief from removal.[1] *See Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005); *see also* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. §§ 1208.13(c)(2)(i)(E), 1208.16(d)(2), 1240.66(a). The BIA correctly concluded that Bernabe's conduct established that he was "individual[ly] accountab[le]" for the actions he took as a member of the National Police. *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 926 (9th Cir. 2006) (internal citation and quotation marks omitted). During his time in the National Police, Bernabe arrested guerrillas and was responsible for taking their declarations and preparing a report that was given to his superiors. Bernabe stated in his sworn statement to Immigration Officer Frank Faecke that he knew arrestees reported as uncooperative would be "handle[d]" by his boss, who "had people from the special group prepared to force the prisoner to talk." Bernabe confirmed in his sworn statement that the special group, in turn, would "mistreat [prisoners] to get the

---

[1] The persecutor bar does not apply to applications for deferral of removal under CAT. 8 C.F.R. § 1208.17(a). However, Bernabe expressly waived his deferral of removal claim in his opening brief.

truth." He further stated that the special group "had a gym where [it] hung the suspects and gave them electric shock." Bernabe's actions exceeded mere membership in the National Police, and were instrumental to the persecution of those whom he arrested. *See id.* at 928; *see also Fedorenko v. United States*, 449 U.S. 490, 512 n.34 (1981) (discussing what kind of conduct "fits within the statutory language about persons who assisted in the persecution of civilians"). The IJ did not err in weighing the asylum officer's testimony and the statements in Bernabe's sworn statement over Bernabe's testimony at his removal hearing. Substantial evidence supports the IJ's conclusion that nothing in the record indicates that the asylum officer was not credible and that Bernabe's attempt to distance himself from his earlier statements once he was before the IJ was "disingenuous," since by that time Bernabe knew that he could be denied asylum on the basis of the persecutor bar.

The BIA also correctly concluded that Bernabe failed to demonstrate that any "surrounding circumstances" militated against the conclusion that he was a persecutor. *Miranda Alvarado*, 449 F.3d at 926 (citing *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252-53 (9th Cir. 2004)). Bernabe has not argued, much less demonstrated, that his actions were motivated by self-defense or any other extenuating circumstances. Rather, Bernabe testified that he voluntarily joined the

3

National Police, and during his time in that organization, volunteered for a special service position guarding the presidential home.

**Petition DENIED.**